UNITED STATES OF AMERICA,

        Plaintiff,

v.                                    Case No. 08-CV-11475

CURRENCY $716,502.44,

        Defendant.

_____/

### ORDER DENYING IN PART AND GRANTING IN PART THE GOVERNMENT'S "MOTION FOR JUDGMENT ON THE PLEADINGS OR IN THE ALTERNATIVE FOR ENTRY OF ORDER STAYING CIVIL FORFEITURE PROCEEDINGS"

Pending before the court is Plaintiff United States of America's "Motion for Judgment on the Pleadings or in the Alternative for Entry of Order Staying Civil Proceedings," filed August 21, 2008. The matter has been fully briefed, and the court concludes a hearing on the motion is unnecessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will deny in part and grant in part the motion.

### I. BACKGROUND

On April 7, 2008, the Government filed a civil forfeiture action against the above-captioned defendant funds ("Defendant Funds"). The Government seized Defendant Funds, $716,502.44 in United States currency, pursuant to a federal warrant on November 2, 2007 from JP Morgan Chase Bank, NA, located at 611 Woodward Avenue, Detroit, Michigan, where it was on deposit in Account No. 656387826. (Gov't Compl. ¶ 6.) The Government alleges that it possesses evidence that Defendant Funds are forfeitable pursuant to 18 U.S.C. § 981(a)(1) for violations of false loan applications,

18 U.S.C. § 1014, mortgage and bank fraud, 18 U.S.C. § 1344, and/or as property involved in money laundering schemes, 18 U.S.C. § 1956. (Gov't Compl. ¶ 7.) The Government contends that Raji Zaher, Kurt Heintz, and others perpetrated a mortgage fraud scheme in which, among other things, they arranged for sham purchasers of vacant residential lots to defraud legitimate lenders of home loans. (Gov't Compl. ¶ 8.) The Government further alleges that the loan proceeds were then deposited in an escrow account, held by Claimant Lawyers' Title Insurance Corporation, a company in the business of insuring real estate titles, providing closing and escrow services, and supplying other real estate services. (Gov't Compl. ¶ 8.)

Claimant filed a claim for Defendant Funds on May 12, 2008, (Cl.'s Resp. 5-6.) alleging that it held Defendant Funds pursuant to an escrow agreement. (*Id.*, 9-10.) Claimant further alleged that it requires Defendant Funds to be interpleaded in pending state court litigation in which various parties now seek to recover the funds they deposited into Claimant's escrow account. (Cl.'s Resp. at 11-12.)

In its motion, the Government contends Claimant lacks standing and that the court should dismiss Claimant's claim. The Government argues in the alternative that this court should stay the civil forfeiture proceedings because of a pending criminal investigation.

## II.  STANDARD

The Government moves for a judgment on the pleadings under Federal Rule of Civil Procedure 12(c), and "the legal standards for adjudicating Rule 12(b)(6) and Rule 12(c) motions are the same." *Lindsey v. Yates*, 498 F.3d 434, 437 n.5 (6th Cir. 2007). When ruling on a motion to dismiss pursuant to12(b)(6) of the Federal Rules of Civil

Procedure, the court must construe the complaint in a light most favorable to the plaintiff and accept all the factual allegations as true. . . ." *Evans-Marshall v. Board of Educ.,* 428 F.3d 223, 228 (6th Cir. 2005); *Rossborough Mfg. Co. v. Trimble,* 301 F.3d 482, 489 (6th Cir. 2002). In doing so, "the court must draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Yet, the court "need not accept as true legal conclusions or unwarranted factual inferences." *Gregory v. Shelby County*, 220 F.3d 433, 466 (6th Cir. 2000). Although a heightened fact pleading of specifics is not required, the plaintiff must bring forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955,1974 (2007).

Though decidedly generous, this standard of review does require more than the bare assertion of legal conclusions. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996).

> [A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the complaint's allegations are true.

*Twombly*, 127 S.Ct. at 1964-65 (citing Fed. R. Civ. P. 8(a)). Further, the complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (abrogated on different grounds by *Twombly*, 127 S.Ct. 1955). In application, a "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Lillard*, 76 F.3d at 726 (citation omitted). A court cannot grant a motion to dismiss under Rule 12(b)(6) based upon its disbelief of a complaint's

factual allegations. *Wright v. MetroHealth Med. Ctr.*, 58 F.3d 1130, 1138 (6th Cir. 1995).

"In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001) (emphasis omitted) (quoting *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997)).

## III. DISCUSSION

### A. Standing

To contest a government forfeiture action, a claimant must have both statutory standing in accord with the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA") and standing under Article III. *$515,060.42 v. United States*, 152 F.3d 491, 497 (6th Cir. 1998) (citing *United States v. $267,961.07*, 916 F.2d 1104, 1107 (6th Cir. 1990)). Under CAFRA, "any person claiming an interest in the seized property may file a claim asserting such person's interest in the property in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims" ("Supplemental Rules"). 18 U.S.C. § 983(a)(4)(A). The Supplemental Rules allow the government to move to dismiss, in accord with Federal Rule of Civil Procedure 12(c), a claim for failure to comply with Supplemental Rule G(5), (formerly Supplemental Rule C(6)), or for lack of standing. Fed. R. Civ. P. Supp Rule G(8)(c)(I). Here, the Government argues that Claimant lacks Article III standing.[1] Specifically, the Government argues that Claimant

---

[1] The Government also argues that Claimant lacks statutory standing because Claimant is not an "innocent owner" under the statute. *See* 18 U.S.C. § 983(d)(6).

4

lacks an ownership interest in Defendant Funds.  (Gov't Mot. at 3.)

Article III, § 2 of the United States Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings.  Throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).  The injury must be "an invasion of a legally protected interest which is (a) concrete and particularized and (b)

―――――――――――――――――

However, Claimant has not yet raised an "innocent owner" defense.  In addition, this argument constitutes a question regarding the merits of the case, whereas the court need decide only the issue of standing now presented.  The Government does not argue that Claimant has not sufficiently met the requirements of stating a claim under the statute and Supplemental Rules.  *See* Fed. R. Civ. P. Supp Rule G(5)(a)(i) ("A person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending.  The claim must: (A) identify the specific property claimed; (B) identify the claimant and state the claimant's interest in the property; (C) be signed by the claimant under penalty of perjury; and (D) be served on the government attorney designated under Rule G(4)(a)(ii)(C) or (b)(ii)(D)."); *see also United States v. $515,060.42*, 152 F.3d 491, 497 (6th Cir. 1998) (stating that a claimant must meet the statutory standing requirements as provided in Supplemental Rule C(6)); *United States v. $5,730.00*, 109 Fed. Appx. 712, 713 (6th Cir. 2004) (explaining what is required in order to satisfy statutory standing under Supplemental Rule C(6)); (Cl.'s Am. Claim).  Because the Claimant complied with the procedural requirements for statutory standing under CAFRA, which, as stated, the Government does not contest, the court finds that Claimant has met the statutory standing requirements.  *See* Fed. R. Civ. P. Supp Rule G(5)(a)(I); (Cl.'s Am. Claim).

The Government cites *United States v. $11,331*, 482 F. Supp. 2d 873, 881 (E.D. Mich. 2007) (citing *United States v. 74.05 Acres of Land*, 428 F. Supp. 2d 57, 64 (D. Conn. 2006)), to support its view that a claimant must assert the "innocent owner" defense in order to state a claim under the statute.  However, the cited case discusses the "innocent owner" defense in apparent response to arguments regarding the merits of the case on a motion for summary judgment, and does not squarely address such a threshold standing argument.  The court does not view assertion of an "innocent owner" defense as a prerequisite to asserting standing.  Under the statute, compliance with Supplemental Rule G(5) is the proper method of gaining standing to assert a claim. *See* 18 U.S.C. § 983(a)(4)(A); Fed. R. Civ. P. Supp Rule G(5); *$515,060.42*, 152 F.3d at 498; *$5,730.00*, 109 Fed. Appx. at 713.

'actual or imminent,'" not conjectural or hypothetical. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (citations omitted).

To satisfy Article III's standing requirement in civil forfeiture cases, a claimant must show that the claimant is an "owner or possessor of property that has been seized," and that the claimant "necessarily suffers an injury that can be redressed at least in part by the return of the seized property." *$515,060.42*, 152 F.3d 491, 497 (6th Cir. 1998) (citing *United States v. Contents of Accounts Nos. 3034504504 and 144-07143*, 971 F.2d 974, 985 (3d Cir. 1992)). Actual ownership is not necessary for Article III standing; Article III "requires only that a claimant allege, *inter alia*, a personal stake in the outcome of the controversy, i.e., an actual or threatened injury." *$515,060.42*, 152 F.3d at 499. "With respect to Article III standing, a claimant must demonstrate a legally cognizable interest in the defendant property. A property interest less than ownership, such as a possessory interest, is sufficient to create standing." *United States v. $267,961.07, et al.*, 916 F.2d 1104, 1107 (6th Cir. 1990) (citing *United States v. $38,000*, 816 F.2d 1538, 1544 (11th Cir. 1987) (finding that because bailee has a possessory interest in bailed currency, bailee-claimant has standing)).

Claimant held Defendant Funds in escrow. As an escrow agent, Claimant owes fiduciary duties to those who entrusted it with Defendant Funds. For example, under Michigan law, "[a]n escrow agent may be held liable in tort for the negligent performance of its duties or breach of its fiduciary duties," and "[a]n escrow agent is bound by the terms and conditions of the escrow agreement and charged with a strict execution of the duties voluntarily assumed." *Maimou v. Philip F. Greco Title Co.*, No. 264503, 2006 WL 397940, *1 (Mich. Ct. App. Feb. 21, 2006) (citing *Smith v. First Nat'l*

*Bank & Trust*, 440 N.W.2d 915, 918-19 (Mich. Ct. App. 1989)).  In particular, Claimant owes specific duties under its escrow agreement, including that Claimant may not disburse funds from the escrow account to particular parties unless the properties at issue are, among other things, properly recorded, platted, and title is perfected.  (Cl.'s Resp. at 9-10.)  Numerous parties who deposited funds in escrow to purchase the vacant lots have, in fact, already filed suit in state court against Claimant for return of Defendant Funds.[2]  (Cl.'s Resp. at 11-12.)  Claimant's position as escrow agent exposes it to liability such that it has a "legally cognizable interest" in the outcome of the civil forfeiture proceeding because it constitutes a "possessory interest" in Defendant Funds.  *$267,961.07*, 916 F.2d at 1107.  In addition, the relief Claimant seeks is for the return of Defendant Funds in order to interplead them in the state court litigation now proceeding so that Claimant may defend claims filed against it for recovery of monies placed in escrow for purchase of the vacant lots.  (Cl.'s Resp. at 10-11.)  Accordingly, Claimant has demonstrated that it "suffers an injury that can be redressed at least in part by the return of the seized property."  *$515,060.42*, 152 F.3d at 497.  Therefore, Claimant has shown a "personal stake in the outcome of the controversy."  *$515,060.42*, 152 F.3d at 499.

Moreover, Claimant's position is similar to that of a bailee from whom the government seizes a bailment because, like Claimant, a bailee has agreed to hold the bailor's property according to certain terms and obligations, and then stands in the place

---

[2] The court recognizes that the plaintiffs in the state court suits have also filed petitions for remission with the federal government, which gives them a possible administrative remedy for recovery of seized funds.  (Gov't Reply at 2.)

of the owner in his ability to assert claims against third parties. *See Baldwin v. Hill*, 315 F.2d 738 (6th Cir. 1963) ("[A] bailee . . . has a possessory interest in [bailed chattels]. He may recover damages for injury done to the property and has other possessory rights. With respect to third persons, he stands in the place of the owner."); *Mitchell Coal Co. v. United Mine Workers of America*, 313 F.2d 78, 79 (6th Cir. 1963) ("The general rule is that a bailee may maintain an action for damages to the bailed property against a wrongdoer who commits the damage."). Similarly, Claimant had control over the account of Defendant Funds at the time of seizure by the Government and now seeks return of Defendant Funds so that it can fulfill its obligations under the escrow agreement. (Cl.'s Ans. at 11.)

Finally, any requirement that a claimant demonstrate more than "naked possession," or "mere physical possession," in order to show standing results from a concern regarding "straw man" transfers of currency, in which a criminal defendant transfers property to a third party, who, in turn, asserts ownership over Defendant Funds and attempts to circumvent government seizure of the proceeds of illegal activities. *See $515,060.42*, 152 F.3d at 498. In this case, however, Claimant had more than "naked possession" of the Defendant Funds. *See id.* Claimant is subject to the explicit terms of the escrow agreement, bound by duties to both the alleged perpetrators of the fraud and other third parties. As a result, the straw man argument is not an issue in this case and does not support a finding that Claimant lacks standing.

Therefore, the court finds that Claimant has demonstrated standing, and the court will

deny the Government's motion regarding this issue.[3]

## B. Stay

The Government argues that if the court does not dismiss Claimant's claim for

lack of standing, the court should nonetheless grant a stay of the civil forfeiture

proceeding pending the associated criminal investigation.  The statute mandates under

which circumstances a court must grant a stay, stating in relevant part:

> (1) Upon the motion of the United States, the court shall stay the civil
> forfeiture proceeding if the court determines that civil discovery will
> adversely affect the ability of the Government to conduct a related criminal
> investigation or the prosecution of a related criminal case. . . .

> (5) In requesting a stay under paragraph (1), the Government may, in
> appropriate cases, submit evidence ex parte in order to avoid disclosing
> any matter that may adversely affect an ongoing criminal investigation or
> pending criminal trial.

18 U.S.C. § 981(g).  Consequently, if the Government satisfies the court that a pending

civil forfeiture case will interfere with an ongoing criminal investigation, then the court

must grant a stay.  *See United States v. All Funds on Deposit in Suntrust Account*

*Number XXXXXXXXX8359*, 456 F. Supp. 2d 64, 65 (D.D.C. 2006).  "However, the

government must make an actual showing that civil discovery will adversely affect the

investigation or prosecution or a related criminal case."  *Id.* (citing *United States v. GAF*

*Fin. Servs., Inc.*, 335 F. Supp. 2d 1371, 1373 (S.D. Fla. 2004)).  Neither the fact that the

---

[3] The 2006 Advisory Committee Notes to Supplemental Rule G(8) provide that if
a claimant has shown standing on basis of the pleadings, the facts can nonetheless "be
tested by a motion for summary judgment."  Fed. R. Civ. P. Supp Rule G(8) advisory
committee notes (2006).  While the Government has not filed any such motion for
summary judgment to contest Claimant's claim, the court will certainly entertain such a
motion when, and if, filed.

Government would be subject to civil discovery, nor bare assertions of hardship by the Government, are enough to satisfy the statutory standard. *United States v. All Funds ($357,311.68) Contained in Northern Trust Bank of Florida Account Number 7240001868*, No. 07-1476, 2004 WL 1834589, *2 (N.D. Tex. Aug. 10, 2004).

On October 27, 2009, the Government submitted a sealed "Affidavit in Support of Entry of Order Staying Civil Forfeiture Proceeding" [Dkt. # 23]. The court has reviewed the affidavit and finds that the Government has met the standard provided in the statute. *See* 18 U.S.C. § 981(g)(1). In its affidavit, the Government has made a sufficient showing that the pending civil forfeiture is related to an ongoing criminal investigation regarding mortgage and bank fraud. If the civil case continues, the Government will be subject to the range of civil discovery, which would adversely affect the criminal investigation. Civil discovery would burden law enforcement by compromising prospective witnesses and other evidence now being gathered by the Government in preparation for criminal prosecutions in connection with the underlying facts of this case. Therefore, the court will grant a stay.

## IV. CONCLUSION

For the reasons stated above, IT IS ORDERED that the Government's "Motion for Judgment on the Pleadings or in the Alternative for Entry of Order Staying Civil Proceedings" [Dkt. # 14] is DENIED as to the motion for judgment on the pleadings and GRANTED as to the motion to stay the civil forfeiture proceedings.

IT IS FURTHER ORDERED that the matter is STAYED until additional order of

the court, and that the attorneys shall update the court regarding the status of the case

at a telephone conference, to be held on **January 5, 2009 at 2:30 p.m.**   The court will

initiate the call and issue dates for further telephone conferences thereafter.

 s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  December 5, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record
on this date, December 5, 2008, by electronic and/or ordinary mail.

 S/Lisa G. Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C2 ORDERS\08-11475.S716,502.44.CivilForfeiture.Standing.Stay.OngoingCriminalInvestigation.ljd.wpd

11